Judge Underwood
delivered the opinion of the Court.
Hall assigned to Roberts a replevin bond on Loyd and Dalzel. The money not having been collected, Roberts instituted his action against ilall, to recover it from him.
in suit-by- as-signee against assignor, of replevin, bond,.if declaration, in setting out sieps taken on bond, shew, due diligence, supersedes necessity of a-verment of due diligence
The bond became due on the 26th of August, 182Ó» and was taken in Nicholas counly» Loyd, the prim cipal obligor, moved from Nicholas to Fleming county, before the bond became due, and resided in Fleming up to the date of the commencement of this suit. The first execution wa.s directed to the sheriff of Nicholas, and bears date Sth September, 3 825, returnable on the 4th Monday in October next thereafter. A second execution, directed to the sheriff of Nicholas, issued '17th May, 1826, returnable 4th Monday in July. A third execution issued on the 25th July, returnable. 4th Monday in September, which was levied on 25 head of bogs, and other property, which was advertised for sale on the 19th October,, but not sold for want of bidders. Avendi. expo* issued on the 20th October, upon which the sheriff returned,on the. 16th November, “that' the property sold for $49 50, and credited on execution No. 188, which is for the same man, and against the same men.” ,. A fourth execution, directed to the sheriff,of Fleming, issued on the 4th November, 1826; on which the sheriff returned, “I know of no property in my county subject.to this.execufion.” The.sheriff to whom (he. first execution was directed, returned that it was “not executed, there nt>t being enough property to satisfy the cider execution.”
There is.no .’averment in the-declaration, that the plaintiff used due diligence to collect the debt. The steps taken by the plaintiff, in causing executions to be issued, and the times when they were issued, are, however, set forth, and also the nature of the different returns of the officer. If the declaration, in setting forth the steps (aken,.had shown facts which amount to due diligence, it would have superseded the necessity of that averment; but if the facts as alleged, do- not. amount to due diligence, the declaration is defective.
We are of opinion that the facts.dp npt amount to. the exercise of due diligence. The return on the first execution, is not su.ch as to convey the idea that the defendants had.no estate. It only holds out the idea that they had. not enough to satisfy an older execution»' This was np sufficient reason for not *325 jnaking the levy, unless the older execution was in hand, before the delivery of the execution in this case. T.here was a delay of six months, before taking out a second execution, which was returned by the plain-, tiff’s orders, and a third issued, which was levied on 25 head of hogs, &c. These hogs and other property, were sold and credited on execution No. 188, between the same parties; and if we were permitted to travel out of this record, and to examine another record between the same parlies, relative to the.case in which the credit was given for, the $49 50, it would be found that the execution, in virtue of which the levy was made on the hogs, did not issue until months after the return day of the first execution in this case. If,, therefore, the execution had been renewed in October or November, property might possibly or‘probably have been found, sufficient to discharge it. As the declaration shows that it was not renewed until May, 1826, it appears from the facts stated, that there has not been the exercise of reasonable diligence. The facts set out'in the tion, do not, therefore, supply the want of the usual averment, that due diligence has been .used; wherefore the declaration is defective.
Omission for six months to tloif^vhen" probability ot finding proP“fy> ^f°ct
year) to send, execution to co.u,5ty where replevin bond, reside?, fatal defect of diligence‘
The circuit court should have granted a new trial, The evidence was insufficient to show due diligence in respect to Royd. We think'it such negligence in failing to send an execution to Fleming, for more than a year after the bond became due, as must be fatal to the plaintiff’s claim, upon the score of diligence, We are also of opinion that the court erred both in giving and in withholding instructions from the jury. According to the proof, Hall, after the first execution issued,.directed the sheriff to grant eight or ten days indulgence to the defendants in the execution. Upon this evidence, the court instructed the-jury, that if they believed Hall ordered the sheriff to hold up the execution, and not proceed on it for eight or ten days, and the sheriff obeyed him, Hall became immediately liable, and that Roberts was not bound to use any further diligence. To this instruction, Hall objected, and with a view to counteract it, moved the court to instruct the jury;
After assignment of re-plevin bond, assignor has no longer any control over it, nor is sheriff' bound to Obey his defections.
Assignee of judgment, entitled to exclusive control of it.
1st. That by the assignment of the replevin bond' to Roberts, he became the owner thereof, that (lie-assignor had no longer any control over it, and that the sheriff was not bound'to obey his directions.
2d. That, notwithstanding Hall directed the sheriff" to hold up the first execution for eight or ten days,, he did not, thereby, become liable to.-this action, unless by his interference,,the assignee was prevented from collecting the money due-on the bond; and,
3d. That by the assignment- of the- replevin bond, the assignor became, and was divested of right.
The court refused to- give any of the instructions asked for by Hail,.and he excepted.
The court erred in giving the instruction asked for by Roberts, because the matter of it was not embraced by any allegation in the declaration, and it was deciding the case u.ppn the ground that Hall wrongfully intermeddled and controled the officer,, when, if a recovery had been sought upon that ground, Hall, should have been notified of it in the pleadings.The declaration, irlstead of suggesting an improper eontrol of the execution by Hall, would, tolerate the idea that he was authorized to control it-. The plaintiff offered to prove the fact, that Hall was, by agreement, aulhqrizied to manage the executions, but the court would not suffer it.
Viewing him in the light of an intruder, the case of Marshall vs. Craig, III. Bibb, 291, shows that he had no right whatever, to control the execution, and that, his first and third instructions should have been given. As to the second, we deem it unnecessary to give an opinion on it. By the endorsement of the execution to the use of Roberts, the sheriff had evidence in his own hands, that Hail had no right to control it.
it is clear that the assignee of a judgment, from the case of Marshall vs. Craig, is entitled to the exclusive control of it. It is not necessary to decide, in this case, that a replevin bond is an assignable instrument under the statute, nor to deckle whether it can, in any case, when assigned before it becomes due, give the assignee recourse on the assignoy, if the obligors *327 prove insolvent It is apparent that 'this case may be decided without touching that question.
Depew, for plaintiff.
Wherefore, the judgment of the circuit court is reversed and set aside, and the cause remanded for new proceedings, not inconsistent with this opinion.
The plaintiff must recover costs.